UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § | CIVIL ACTION NO. H-06-0565 |
| BADDLEY CHEMICAL COMPANY, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a declaratory judgment action to determine whether Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") has a duty to indemnify Defendant Baddley Chemical Company, Inc. ("Baddley") for a default judgment entered against Baddley in a Texas state court.[1] Baddley now moves to transfer this case to the Middle District of Louisiana, on the grounds that (1) venue does not lie in the Southern District of Texas, because no substantial part of the events giving rise to the suit took place here, and (2) even if venue here is proper, the convenience of parties and witnesses will best be served by a transfer. After considering the parties' filings and the applicable law, the Court finds that Baddley's motion, Docket No. 7, should be and hereby is **DENIED**.

I.     **VENUE**

In a diversity action, venue is proper in either

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the

---

[1] This Court possesses diversity jurisdiction in this matter, pursuant to 28 U.S.C. § 1332(a)(1).

1

time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

It is undisputed that the only event relevant to this case that occurred in the Southern District of Texas was the entry, by the 152nd Judicial District Court of Harris County, of a default judgment in the amount of $46,750,000.99 against Baddley and in favor of the individual Defendants in this action. In this suit, Mt. Hawley seeks a declaration that it is not obligated, pursuant to the insurance contract between itself and Baddley, to reimburse Baddley for the amount of the judgment. Baddley argues that a transfer is necessary because the parties agree upon the amount of the default judgment and the time of its entry, and so the judgment does not constitute a substantial issue to be litigated in this case.

In response, Mt. Hawley directs the Court's attention to a widely cited 2001 case in which the United States Court of Appeals for the First Circuit held that, in determining which events are substantial, a court should "look not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). The plaintiff in *Uffner* sought payment from his insurance company after his yacht sank. The court found that venue was proper in the district where the sinking occurred, even though the parties did not dispute any of the facts surrounding that event:

> It is true, as the district court pointed out, that the legal question in the suit is 'whether [an out-of-water survey] was necessary under the terms of the insurance contract.' Resolving this issue does not require an investigation into how, when, or why the accident occurred. In this sense, the sinking of Uffner's yacht is not related to the principal question for decision.

> However, an event need not be a point of dispute between the parties in order to constitute a substantial event giving rise to the claim. . . . In this case, Uffner's bad faith denial claim alleges that the loss of his yacht was covered by the contract and the payment due to him wrongfully denied. Thus, although the sinking of *La Mer* is itself not in dispute, the event is connected to the claim inasmuch as Uffner's requested damages include recovery for the loss. We conclude that, in a suit against an insurance company to recover for losses resulting from a vessel casualty, the jurisdiction where that loss occurred is 'substantial' for venue purposes.

*Id.* at 43 (insertion in original). While the Fifth Circuit has not addressed this issue, other circuit courts have followed *Uffner*'s lead. *See, e.g., Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356-57 (2d Cir. 2005); *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998).

The default judgment in this case is identical, for venue purposes, to the loss of the yacht in *Uffner*. It is an undisputed event, the occurrence of which gave rise to the potential insurance indemnity claim underlying this declaratory judgment action. Accordingly, the Court finds that the default judgment constitutes a substantial part of the events or omissions giving rise to this suit and, therefore, that venue is proper in the Southern District of Texas, where the judgment was entered.

## II.     DISCRETIONARY TRANSFER

The venue statute contemplates that venue may lie in more than one district. Thus, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "The determination whether the circumstances warrant transfer of venue is 'peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation,'" *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (quoting *Lykes Bros. S.S. Co. v. Sugarman*,

3

272 F.2d 679, 680 (2d Cir. 1959)), and a district court's resolution of a motion to transfer venue is reviewed only for an abuse of discretion. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The party seeking transfer bears the burden of demonstrating that it is justified. *Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The Fifth Circuit Court of Appeals has applied the balancing test formulated in connection with the common-law doctrine of *forum non conveniens* to transfer requests made pursuant to § 1404(a):

> In *Gulf Oil Corp. v. Gilbert*, 1947, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055, the Supreme Court elucidated upon the factors justifying a Section 1404(a) change of venue, but it was careful to point out that[, "u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum shall rarely be disturbed." 330 U.S. at 508.

*Marbury-Patillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974).

While the *Marbury-Patillo* holding is technically incorrect, as was noted by the Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 n.26 (1981) (discussing another circuit court's mistaken reliance on *Marbury-Patillo* and stating that "dismissals on grounds of *forum non conveniens* and § 1404(a) transfers are not directly comparable"), the principal difference between the *forum non conveniens* doctrine and § 1404(a) is simply that a district court may grant a transfer under § 1404(a) upon a lesser showing of inconvenience than is required to justify a dismissal on the ground of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Accordingly, the factors to be considered in deciding a § 1404(a) motion are identical to those that are relevant to the resolution of a *forum non conveniens* motion to dismiss. *Id.* ("This is not

4

to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.").

In applying *Gilbert*, the Court must consider both "private" and "public" factors relevant to a motion for transfer. Among the private factors are

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert*, 330 U.S. at 508. The public factors include the avoidance of a high concentration of cases in a few courts; a reluctance to impose the burden of jury duty upon residents of a place not connected to the litigation; a corresponding desire to try a case within the vicinity, and therefore the personal purview, of those who are most affected by it; and the familiarity of the trial court with the applicable law. *Id.* at 508-09.

In this case, Baddley argues that the convenience of the parties and witnesses mandates transfer, because Baddley, its employees, and its files and records are all located in Baton Rouge, Louisiana; because the policies were negotiated, issued, and purchased in Baton Rouge; and because Baddley's alleged failure to provide Mt. Hawley with proper notice and cooperation occurred in Baton Rouge.[2] Mt. Hawley responds by pointing out that some (and perhaps many) of the individual Defendants, as well as Mt. Hawley, reside nearer the Southern District of Texas than the Middle District of Louisiana; that none of the parties' current counsel is located or licensed in Louisiana;

---

[2] In its motion for transfer, Baddley also states that transfer will permit this case to be consolidated with an action pending in the Middle District of Louisiana arising from the same Texas default judgment. A subsequent filing by Mt. Hawley indicates, however, that the Louisiana suit has now been settled. Accordingly, the Court does not address the consolidation argument.

and that this case will likely be resolved at the summary judgment stage, thus relieving the parties of the costs of transporting records and witnesses to this Court for trial.

A "[p]laintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed" in this circuit. *Manning*, 366 F.2d at 698 (internal quotation marks omitted). In this case, while it appears that many, perhaps even most, of the events giving rise to Mt. Hawley's claim occurred in Louisiana, at least one substantially relevant event – the default judgment – took place in the Southern District of Texas. Moreover, Baddley has failed to demonstrate that other parties or witnesses will be so greatly inconvenienced by trial in this Court as to outweigh the similar inconvenience to Mt. Hawley of litigating in Louisiana or the presumption that a plaintiff is the master of his claim and should be permitted to choose his forum. Accordingly, Baddley's motion to transfer venue is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.