**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MT. HAWLEY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. H-06-565** |
| **v.** | § | |
| | § | |
| **BADDLEY CHEMICAL COMPANY,** | § | |
| **INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for a More Definite Statement (Docket No. 34). For the following reasons, the motion is **DENIED.**

The decision whether to grant a motion under Federal Rule of Civil Procedure 12(e) lies within the district court's discretion. *E.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). Because of the liberal pleading standard set forth in Rule 8(a) and the availability of broad discovery, situations in which a motion for a more definite statement is appropriate are restricted. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2004) ("Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. . . . the pleading also must be so vague or ambiguous that the opposing party cannot respond to it.").

In its motion, Defendant argues only that Plaintiff's Complaint and Motion for Summary Judgment rely on Texas law, "unfairly placing the Defendant to responding

[sic] to the Motion and lawsuit under both Texas and Louisiana law."  Defendant asserts that Louisiana law should apply in the instant case, and asks the Court, in effect, to order Plaintiff to revise the Complaint and Motion for Summary Judgment.  A choice of law disagreement does not support a motion for a more definite statement, however, but is more appropriately expressed in a substantive response to Plaintiff's pleadings. The Complaint and Motion for Summary Judgment clearly set forth Plaintiff's legal claims and the underlying facts;  Defendant cannot plausibly assert that either pleading is so vague as to render Defendant unable to respond.  Defendants' Motion for a More Definite Statement is **DENIED.**

>    **IT IS SO ORDERED**.

>    **SIGNED** at Houston, Texas, on this the 14th day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**